Dear Mr. Breaux:
You requested the opinion of this office concerning the operations of the Lafourche Parish (the "Parish") government. You advised that the Parish is still operating on a budget that was developed in September of 1999. Since adoption of the 2000 budget, the Parish Council has not approved another budget. On August 9, 2001, this office issued Op.Atty.Gen. 01-0279 finding that Lafourche Parish must operate on the previous budget until a budget is enacted for the current fiscal year. You request clarification as to whether this means the previous year's budget or the last budget that was approved.
Op.Atty.Gen. 01-0279 determined that the Home Rule Charter adopted by the Parish is the applicable law for the particular issue of whether the Home Rule Charter or the Louisiana Local Government Budget Act applied when the Parish Council has not approved a budget. Article V(A)(3) of the Home Rule Charter provides "until a budget is enacted, parish government will operate on the previous budget".
It is our understanding that in this instance there is no difference between the previous year's budget and the last budget which was approved and that no supplement or amendment to the budgets have been approved for the last two years. The last budget which was approved was for the year 2000. Because the 2001 budget was not approved, the Parish used the 2000 budget during 2001. So far this year, the 2002 budget has not been approved. Under the provisions of the Home Rule Charter, the Parish is directed to operate under the previous budget which was the 2001 budget, which was previously the 2000 budget.
Your second question is whether it is legal to accumulate excess revenue (taxpayers' dollars) that will not be appropriated or budgeted for an unspecified period of time.
The answer is yes. With the exception of general obligation millages, which we understand is not an issue in Lafourche Parish, there is no statutory or constitutional requirement that all revenues received by a Parish or other political subdivision be appropriated or spent. Depending upon the circumstances, it may even be deemed fiscally prudent for a governing body to amass a surplus.
You next question whether the Parish Council's failure to approve the budget constitutes malfeasance in office.
The crime of malfeasance in office is defined in R.S. 14:134 and is committed when any public officer or public employee shall:
 (1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or
 (2) Intentionally perform any such duty in an unlawful manner; or
 (3) Knowingly permit any other public officer or public employee, under his authority, to intentionally refuse or fail to perform any duty lawfully required of him, or to perform any such duty in an unlawful manner.
If you feel that such a crime has been committed by any public officer or public employee, information regarding such crime should be brought to the District Attorney for the Parish who has been constitutionally granted jurisdiction over criminal matters. La. Const. Art V, Sec. 26.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ____________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
DATE RELEASED: May 23, 2002